IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BP PRODUCTS NORTH AMERICA INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-00625-KD-N |
| | ) | |
| MERRITT OIL CO., INC. *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff BP Products North America Inc.'s Motion for Attorneys' Fees and Expenses (Doc. 46) and brief and evidentiary materials in support (Doc. 47). Upon consideration, and for the reasons set forth herein, Plaintiff's motion is due to be **GRANTED** in part.

**I.     Background**

On September 8, 2011, the Court granted partial summary judgment in favor of Plaintiff BP Products North America Inc. ("BP Products") and against Defendants Merritt Oil Co., Inc. ("Merritt Oil") and R. Fred Walding ("Walding") on BP Products' breach of contract and guaranty claims.[1] On September 22, 2011, with leave of the Court, BP Products filed the instant motion for attorneys' fees and expenses. As of the date of this Order, Defendants have not responded to BP Products' motion.[2]

BP Products' motion does not identify the quantum of fees that it seeks to recover. Instead,

---

[1]     BP Products did not seek summary judgment against Defendants Richard Merritt or Richard Blow, as this case has been stayed against them as a consequence of their having filed petitions for bankruptcy relief. (Docs. 16, 19, 29 & 30).

[2]     Pursuant to the Court's partial summary judgment order, Defendants' responses were due to be filed by September 29, 2011. (Doc. 43 at 14).

BP Products moves the Court for an order awarding "reasonable attorneys' fees and expenses." (Doc. 46 at 1). In support of its motion, BP Products has filed a short memorandum that neither cites the relevant law nor presents any analysis. (Doc. 47). Attached as exhibits to the memorandum are 1) an affidavit of Michelle M. Drake, Esq., an attorney at the St. Louis, Missouri law firm of Greensfelder, Hemker & Gale, P.C. ("Greensfelder"), which represents BP Products in this matter (Doc. 47-1); 2) biographical information for each of the attorney timekeepers at the Greensfelder firm (Docs. 47-2 to 47-5); 3) a "Transaction Report" itemizing the services provided and time expended by attorneys and paralegals at the Greensfelder firm (Doc. 47-6); 4) an itemized list of services provided and time expended by Sandy G. Robinson, Esq. of the Mobile, Alabama firm of Cabaniss, Johnston, Gardener, Dumas & O'Neal LLP, which serves as BP Products' local counsel in this matter (Doc. 47-7); and 5) a "Costs Report" generated by the Greensfelder firm (Doc. 47-8).

**II.      Discussion**

As the Court noted in its partial summary judgment order, Merritt Oil and Walding do not challenge BP Products' right to recover its attorneys' fees and expenses. (Doc. 43 at 13). However, under the terms of the various contracts between the parties, BP Products may recover only those fees and expenses that are "reasonable." (Id.). Accordingly, before fashioning any award, the Court must first assess the reasonableness of BP Products' request.

In this Circuit, courts generally apply the "lodestar" method — multiplying the hours reasonably expended by a reasonable hourly rate — to make such an assessment. Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988). The 12 factors identified by the Court of Appeals in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), may aid the Court in determining a reasonable hourly rate and thereby affect the lodestar analysis. (Id.). Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359, n.1 (11th Cir. 2006) (citing Johnson, 488 F.2d at 717-19).

Additionally, whereas this action is before the Court on the basis of diversity jurisdiction, any fee award must be consonant with Alabama law. Under Alabama law, the factors to be considered include:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988) (citing Peebles v. Miley, 439 So. 2d 137 (Ala. 1983)). Not all of these criteria must be met or brought into play. Graddick v. First Farmers & Merchants Nat'l Bank of Troy, 453 So. 2d 1305, 1311 (Ala. 1984).

### A. Reasonable Rate

As the party requesting fees, BP Products has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for

similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. See Barnes, 168 F.3d at 437 ("[T]he 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)).

Though BP Products has offered evidence of its attorneys' educational backgrounds and professional experience, its fee application inadequately addresses the fundamental question of whether the hourly rates charged by its attorneys are reasonable in the Mobile market. BP Products has not put before the Court any evidence of rates customarily charged by Mobile area attorneys in similar cases. Instead, BP Products has offered only the conclusory opinion of a St. Louis-based attorney who has never been admitted to practice before this Court — on a pro hac vice basis or otherwise — that her hourly rate and those of her attorney and non-attorney colleagues "are comparable to the rates charged by law firms for similar services in the Mobile, Alabama area." (Doc. 47-1 at 5, ¶ 12). However, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested fees. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

BP Products claims that the five attorneys who performed services in connection with this case are entitled to hourly rates ranging from $160 to $280. Specifically, BP Products seeks reimbursement at the rate of $280/hour for Sandy G. Robinson, Esq., a partner at the Cabaniss firm with 27 years of experience; $260/hour for Cherie K Macdonald, Esq., an officer and group manager at the Greensfelder firm with 21 years of experience; $225/hour for Michelle M. Drake, Esq., an officer at the Greensfelder firm with 14 years of experience; $220/hour for Julia M. Voss, Esq., an associate at the Greensfelder firm with eight years of experience; and $160/hour for Heather M.

4

Mehta, Esq., a newly admitted attorney at the Greensfelder firm with no experience. (Doc. 47-1 at 2-4, ¶ 8; Docs. 47-2 to 47-5). The Court will address each attorney's rate individually.

Relative to judicially determined rates in other cases litigated in this district, Ms. Robinson's stated rate of $280/hour is reasonable. Indeed, only a few months ago, another district judge expressly held that a rate of $285/hour — $5 more per hour than Ms. Robinson's stated rate here — was reasonable for services that Ms. Robinson provided in a case that was similarly decided on summary judgment. See Gulf Coast Asphalt Co. v. Chevron U.S.A., Inc., No. 09-0187-CG-M, 2011 WL 612737, at *1-2 (S.D. Ala. Feb. 11, 2011) (Granade, J.).

With the exception of Ms. Mehta's, the Greensfelder attorneys' rates are also reasonable when compared to awards in other cases decided in this district. Earlier this year, in a breach of contract case that was disposed of on the plaintiff's unopposed motion for summary judgment (as was the case at bar), the Court found $250/hour to be a reasonable rate for an attorney with 15 years of experience as a law firm partner, $225/hour to be a reasonable rate for a "senior associate" with an indeterminate amount of experience, and $150/hour to be a reasonable rate for a "junior associate" with an indeterminate amount of experience. See Vision Bank v. Anderson, No. 10-0372-KD-M, 2011 WL 2142786, at *3 (S.D. Ala. May 31, 2011) (DuBose, J.). Ms. Macdonald, Ms. Drake, and Ms. Voss' stated rates are similar to or less than the rates allowed in Mitchell Co. and Vision Bank for attorneys of comparable experience, and the Court finds them to be reasonable in this case.

However, Ms. Mehta's rate of $160/hour is unreasonable inasmuch as it exceeds the rates that the undersigned and other judges in the Southern District of Alabama have found to be reasonable for junior attorneys significantly more experienced than Ms. Mehta. See, e.g., Denny Mfg. Co. v. Drops & Props, Inc., No. 09-0214-KD-M, 2011 WL 2180358, at *3-5 (S.D. Ala. June 1,

5

2011) (DuBose, J.) (finding $150/hour to be a reasonable rate for second-year associate who was Order of the Coif, served on the Law Review of his law school, and clerked for an Eleventh Circuit judge); Gulf Coast Asphalt, 2011 WL 612737, at *4 (finding $145/hour to be a reasonable rate for second-year associate); Adams v. Austal, U.S.A., L.L.C., No. 08-0155-KD-N, 2010 WL 2496396, at *6 (S.D. Ala. June 16, 2010) (Nelson, Mag. J.) (finding $150/hour to be a reasonable rate for third-year associate). The Court finds that, in the absence of any evidence of the attorney's extraordinary expertise or relevant non-legal experience, $125/hour is a reasonable rate for an associate who has only recently graduated from law school.

Finally, the Court rejects as unreasonable the stated rate of $135/hour for Greensfelder paralegals Michelle Byers and Mary Illig. In several recent cases, this Court has found $75/hour to be a reasonable rate for paralegal work. See, e.g., Denny Mfg., 2011 WL 2180358, at *5; Zuffa, LLC v. Al-Shaikh, No. 10-00085-KD-C, 2011 WL 1539878, at *9 (S.D. Ala. Apr. 21, 2011) (DuBose, J.); Wells Fargo Bank, N.A. v. Williamson, No. 09-00557-KD-C, 2011 WL 382799, at *5 (S.D. Ala. Feb. 3, 2011) (DuBose, J.). Whereas BP Products has not demonstrated that Greensfelder's paralegals possess qualifications that might merit a rate 80% greater than that which the Court has approved consistently within the past year for other paralegals in other cases, all paralegal time allowed in this case will be reimbursed at $75/hour.

**B.  Recoverable Time**

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court

will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, i.e., hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

The Court finds that the time expended by BP Products' attorneys and paralegals was reasonable and is recoverable. Accordingly, the Court will award BP Products a total of **$26,213.50**[3] for the following hours billed at the following rates by the following timekeepers:

| Name | Reasonable Hourly Rate | Recoverable Hours | Fee |
|---|---|---|---|
| Sandy G. Robinson, Esq. | $280.00 | 13.0 | $3,640.00 |
| Cherie K. Macdonald, Esq. | $260.00 | 0.4 | $104.00 |
| Michelle M. Drake, Esq. | $225.00 | 12.3 | $2,767.50 |
| Julia M. Voss, Esq. | $220.00 | 88.1 | $19,382.00 |
| Heather M. Mehta, Esq. | $125.00 | 1.9 | $237.50 |
| Michelle Byers | $75.00 | 0.6 | $45.00 |
| Mary Illig | $75.00 | 0.5 | $37.50 |
| **TOTAL** | | | **$26,213.50** |

### C. Expenses

BP Products claims to have incurred expenses of $55.80 in prosecuting this action. (Doc. 47-1 at 6, ¶ 16; Doc. 47-8). Of that figure, $5.80 is attributed to photocopies, and the remaining $50.00 is attributed to the fee for Ms. Voss' pro hac vice application. The pro hac vice admission fee will be disallowed See Thompson v. Equifax Credit Info. Servs., Inc., No. 00-A-1468-S, 2003 WL 1579757, at *7 (M.D. Ala. Mar. 3, 2003) (disallowing claim for pro hac vice admission fee). The Court approves expenses in the total amount of **$5.80**.

---

[3] Though counsel for BP Products has averred (without any evidentiary support) that BP Products has paid Greensfelder a flat fee of $30,000 in lieu of paying that firm's fees based on hourly rates, the Court's calculation of reasonable attorneys' fees relies on the lodestar method because, in Alabama, a contractual fee arrangement between an attorney and his or her client is not conclusive evidence of a reasonable fee. Lanier v. Moore-Handley, Inc., 575 So. 2d 83, 87 (Ala. 1991).

**III. Conclusion**

In accordance with the foregoing, it is **ORDERED** that Plaintiff BP Products' Motion for Attorneys' Fees and Expenses (Doc. 46) is **GRANTED** in part. BP Products is awarded a total of **$26,219.30**, which is the sum of reasonable attorneys' fees in the amount of $26,213.50 and expenses in the amount of $5.80.

**DONE** and **ORDERED** this the **14th** day of **October 2011**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**